**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5802-17T2

DERRICK RUSSELL,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

        Submitted December 4, 2019 – Decided December 10, 2019

        Before Judges Haas and Mayer.

        On appeal from the New Jersey Department of Corrections.

        Derrick Russell, appellant pro se.

        Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Derrick Russell, an inmate currently in the custody of the Department of Corrections (DOC), appeals from the DOC's final administrative decision, adjudicating him guilty of institutional infractions *.002, assaulting any person; and .257, violating a condition of a Residential Community Release Program. N.J.A.C. 10A:4-4.1(a). We affirm.

On May 12, 2018, a DOC Operations Counselor saw Russell and a female visitor sitting in the dining room of Talbot Hall. Suddenly, Russell stood up and "grasp[ed] the neck of his female visitor" and "[p]ush[ed] her head downward." The incident was also captured on videotape.

The next day, a DOC sergeant served the charges upon Russell, conducted an investigation, and referred the matter to a hearing officer. Russell was granted the assistance of a counsel substitute, and entered "no plea" to the charges. At the hearing, Russell stated, "I didn't want her to leave. I feel I had unauthorized contact." He asked for leniency because the visitor was not injured. The DOC offered Russell the opportunity to confront and cross-examine witnesses, and to call witnesses of his own. However, he declined to do so.

The hearing officer found Russell guilty of both charges. On the assault charge under *.002, the hearing officer sanctioned Russell by imposing 250

2

days' administrative segregation, 250 days' loss of commutation time, 30 days' loss of contact visit privileges, 30 days' loss of recreation privileges, 30 days' loss of commissary privileges, and 30 days' loss of television/radio privileges. On the .257 charge, the hearing officer sanctioned Russell by imposing 60 days' loss of commutation time, consecutive to the sanction imposed on the *.002 charge, and 30 days' loss of recreation privileges, concurrent to the sanction imposed on the *.002 charge.

Russell filed an administrative appeal and the Assistant Superintendent upheld the hearing officer's decision. This appeal followed.

On appeal, Russell argues there was insufficient evidence in the record to support the hearing officer's finding of guilt on both charges, and that the hearing officer violated his due process rights. Russell also argues that the .257 charge was "duplicative" of the *.002 charge and should have been dismissed.

The scope of our review of an agency decision is limited. In re Taylor, 158 N.J. 644, 656 (1999). "An appellate court ordinarily will reverse the decision of an administrative agency only when the agency's decision is 'arbitrary, capricious or unreasonable or [] is not supported by substantial credible evidence in the record as a whole.'" Ramirez v. Dep't of Corr., 382 N.J. Super. 18, 23 (App. Div. 2005) (alteration in original) (quoting Henry v. Rahway

State Prison, 81 N.J. 571, 579-80 (1980)). "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa v. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

Prison disciplinary hearings are not part of a criminal prosecution, and the full spectrum of rights due to a criminal defendant does not apply. Avant v. Clifford, 67 N.J. 496, 522 (1975). However, when reviewing a determination of the DOC in a matter involving prisoner discipline, we consider not only whether there is substantial evidence that the inmate committed the prohibited act, but also whether, in making its decision, the DOC followed regulations adopted to afford inmates procedural due process. See McDonald v. Pinchak, 139 N.J. 188, 194-96 (1995).

Having considered the record in light of these principles, we conclude that sufficient credible evidence in the record supports the DOC's determination that Russell was guilty of assault. The Operations Counselor saw Russell stand up and aggressively grab the neck of his visitor and push her head downward. The incident was also captured on videotape. Russell conceded he touched the visitor because he did not want her to leave, but denied that he hurt her. Thus,

there is a substantial basis in the record for the hearing officer's finding that Russell was guilty of assault.

Contrary to Russell's claim, the hearing officer did not prohibit him from calling witnesses or presenting witness statements. Instead, Russell declined to take advantage of these opportunities. Under these circumstances, we are satisfied that Russell received all the process an inmate is due. Therefore, we affirm the hearing officer's determination that Russell was guilty of assault under charge *.002, and the sanctions imposed for that offense will not be disturbed.

Russell also argues that the .257 charge of violating a condition of a Residential Community Release Program was subsumed within the assault charge and should have been dismissed. The DOC agreed with Russell's position on this point and filed a motion for a partial remand. We denied the motion for a remand, but ordered that the .257 charge be "vacated and dismissed" in light of the parties' agreement. Therefore, Russell's argument concerning the .257 charge is moot because he has already received the relief he sought concerning this charge.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5802-17T2